UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RONALD G. NIERMAN, ET AL. | CIVIL ACTION NO. 10-0319 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| OHIO CASUALTY INSURANCE CO., ET AL. | MAGISTRATE JUDGE KIRK |

**MEMORANDUM ORDER**

Before the Court is Defendant Encompass Indemnity Company's ("Encompass") Motion for Designation of Partial Final Judgment. See Record Document 76. Encompass requests that the Court designate as final judgments (1) the Order (Record Document 71) granting the Plaintiffs' Motion for Summary Judgment and (2) the Memorandum Order (Record Document 69) denying Encompass leave of court to file an affidavit to supplement the summary judgment record. See Record Document 76. Plaintiffs oppose the motion. See Record Document 79.

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

F.R.C.P. 54(b). The rule "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoiding piecemeal appeals." Eldredge v. Martin Marietta Corp., 207 F.3d 737, 740 (5th Cir. 2000). "To enter a Rule 54(b) final judgment, the district court must have disposed of one or more claims or parties." Id. This requirement is jurisdictional. See id.; see also In

re Southeast Banking Corp., 69 F.3d 1539, 1548-52 (11th Cir.1995) (finding that a Rule 54(b) final judgment was improperly entered as to certain rulings because they did not dispose of distinct claims, but that it was properly entered as to certain defendants who were completely dismissed).  Moreover, the Fifth Circuit has reasoned the Rule 54(b) certification should not be entered routinely as a courtesy to counsel." PYCA Industries, Inc. v. Harrison County Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 (5th Cir. 1996).

Here, neither ruling cited by Encompass disposed of a distinct claim or completely dismissed a party.  The first Order (Record Document 71) granted in part and denied in part Encompass' Motion to Limine and/or Strike Consent Order and Declare Order of Coverages; denied Encompass' Motion for Summary Judgment; and granted Plaintiffs' Motion for Summary Judgment.  While it addressed multiple motions, the Order (Record Document 71) essentially ranked insurance policies and determined the amount of coverage available under certain policies.  The second Memorandum Order (Record Document 69) denied Encompass leave of court to file an affidavit to supplement the summary judgment record.  These orders simply do not meet Rule 54(b)'s jurisdictional requirement, as neither order disposes of any claims or dismisses any party.  On this basis alone, Encompass' Motion for Designation of Partial Final Judgment (Record Document 76) must be **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 14th day of May, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE